JOHN H. WILKINSON *vs.* BENJAMIN CHURCHILL.

Evidence that a parcel of land has doubled in value from May 1, 1871, to May 1, 1872, has
no tendency to prove that a broker was not, in October, 1871, given authority under which
he could, on May 20, 1872, sell the land for $7000.

BILL IN EQUITY, filed June 19, 1872, for the specific perform-
ance of the defendant's alleged written agreement, dated May 20,
1872, to convey to the plaintiff on June 3 following a parcel of
land of the defendant's, situated in Chelsea, for the sum of $7000.
The agreement purported to be signed on behalf of the defend-
ant, "Benjamin Churchill, by his agents, Otis Merriam & Son."

The defendant, in his answer, alleged that in October, 1871, he
employed Merriam & Son to let a portion of the land; that he
at that time informed them that he wished to sell it; that he re-
quested them, if at any time during that fall or the next winter
they could find a person willing to give $7000 for it, to let him
know, and promised them, if he made the sale, to pay them a
commission of two per cent.; but he denied that they had any
authority themselves to bargain and sell the land.

The following issue was framed for the jury: "Were Merriam
& Son, at the time of the execution by them of the agreement in
writing set forth in the complainant's bill, the duly authorized
agents of the respondent to bargain and sell the real estate in
said bill described, and for the price therein named?"

At the trial of this issue, before *Colt*, J., the defendant was
permitted, against the plaintiff's objection, to introduce the testi-
mony of one of the assessors of taxes that the land had doubled
in value from May 1, 1871, to May 1, 1872. The plaintiff ex-
cepted.

*I. T. Drew & C. H. Chellis*, for the plaintiff.

*A. Wellington*, for the defendant.

MORTON, J. This is a bill for the specific performance of a
written agreement to convey land in Chelsea. The agreement
was executed by Merriam & Son, purporting to act as agents for
the defendant, and the issue submitted to the jury was, whether

Merriam & Son were the duly authorized agents of the defendant to sell the real estate for the price therein named. An assessor of the city of Chelsea, called by the respondent, was permitted to testify, the complainant objecting, that said land had doubled in value from May 1, 1871, to May 1, 1872. We cannot see that this evidence had any bearing upon the issue on trial. The fact that the land had risen in value had no tendency to prove that the defendant did not authorize Merriam & Son to sell it at the price named in the agreement. As we cannot be sure that this evidence may not have operated to the prejudice of the plaintiff, a new trial must be granted.  *Exceptions sustained.*